# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 16-36 |
| ANDRE STAGGERS, ET AL. | SECTION: "S" (1) |

## ORDER

**IT IS HEREBY ORDERED** that Andre Staggers' Motion for Judgment of Acquittal, or Alternatively Motion for New Trial Pursuant to Rule 29 of the Federal Rules of Criminal Procedure (Doc. #346) is **DENIED**.

**IT IS FURTHER ORDERED** that Leonard Morrison's Motion for New Trial (Doc. #350) is **DENIED**.

**IT IS FURTHER ORDERED** that Corey Session's Post-Verdict Motion for Judgment of Acquittal (Doc. #357) is **DENIED**.

**IT IS FURTHER ORDERED** that Corey Session's Motion for a New Trial (Doc. #358) is **DENIED**.

**IT IS FURTHER ORDERED** that Gregory London's Motion for New Trial (Doc. #359) is **DENIED**.

**IT IS FURTHER ORDERED** that Gregory London's Motion for Post-Verdict Judgment of Acquittal (Doc. #360) is **DENIED**.

## BACKGROUND

This matter is before the court on motions for new trial and motions for post-verdict judgment of acquittal filed by the defendants: Andre Staggers; Corey Session; Gregory London, Jr.; and, Leonard Morrison.

On April 27, 2018, the Grand Jury charged the defendants in the Third Superseding Indictment. Count 1 charges that beginning on a date unknown, but not later than January 2015, and continuing until on or about August 7, 2016, Staggers, Session, London, Morrison, and others conspired to distribute and possess with the intent to distribute cocaine hydrochloride, heroin and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. In Counts 2 through 7 and 11 through 18, the defendants are charged with using a communication facility, specifically a telephone, to facilitate the commission of a drug-trafficking crime in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2, as follows:

| **Count** | **Date** | **Defendants** |
|---|---|---|
| 2 | May 1, 2015 | London and Morrison |
| 3 | May 6, 2015 | London and Anderson |
| 4 | May 18, 2015 | Session and London |
| 5 | May 25, 2015 | London and Anderson |
| 6 | June 2, 2015 | London and Anderson |
| 7 | June 19, 2015 | London and Morrison |
| 11 | August 27, 2015 | Staggers and Session |
| 12 | September 19, 2015 | Session and Cotto |
| 13 | October 30, 2015 | Staggers and Session |
| 14 | November 6, 2015 | Session |
| 15 | November 18, 2015 | Staggers, Session and London |
| 16 | December 28, 2015 | Staggers and Session |
| 17 | January 12, 2016 | Staggers and Session |
| 18 | January 17, 2016 | Staggers and Session |

Counts 21 through 23 are specific to Staggers. Count 21 charges Staggers with possession with the intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. In Count 22 Staggers is charged with possessing a firearm in furtherance of drug-trafficking crimes in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(A)(I), and 2. Count 23 charges Staggers with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2.

Counts 24 through 26 are specific to Session. In Count 24 Session is charged with possession with the intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. Count 25 charges Session with possessing firearms in furtherance of drug-trafficking crimes in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(A)(I), and 2. Count 26 charges Session with being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2.

Counts 28 through 30 are specific to Morrison. In Count 28 Morrison is charged with possession with the intent to distribute a quantity of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) and 18 U.S.C. § 2. Count 29 charges Morrison with possessing a firearm in furtherance of drug-trafficking crimes in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(A)(I), and 2. Count 30 charges Morrison with being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2.

A jury trial was held from August 6 to 10, 2018. Staggers and Sessions were found guilty on all charges against them. London was found guilty of Counts 1, 3, 4, 5, 6, 12 ; and, was acquitted on Counts 2 and 7. Morrison was found guilty of Count 24; and, was acquitted of all other charges against him. The jury found that the conspiracy involved 1 kilogram or more of heroin and 5

kilograms or more of cocaine hydrochloride. The jury also found that Staggers and Session knew or should have known that the conspiracy involved 1 kilogram or more of heroin; and that Staggers, Session and London knew or reasonably should have known that the conspiracy involved 500 grams or more of cocaine hydrochloride.

After the trial, the defendants filed motions for a new trial and motions for a post-judgment verdict of acquittal. Each of the defendants argues the evidence against him was insufficient to sustain convictions on certain counts or that the court improperly admitted evidence.

Staggers argues that his convictions should be vacated because they are largely based on the testimony of Drug Enforcement Administration Special Agent Powell Morris, and there was no testimony that anyone ever saw Staggers engaged in a drug transaction. Staggers also argues that the court erred by admitting evidence of his prior drug convictions under Rule 404(b) of the Federal Rules of Evidence.

Session argues that there was insufficient evidence to establish the amounts of heroin and cocaine hydrochloride that the jury found were involved in the conspiracy. Session argues that Agent Morris's lay opinion testimony was ambiguous and did not plausibly distinguish between code words for heroin and cocaine hydrochloride. Session argues that the only cocaine hydrochloride attributable to him was the amount that Kirkland Sterling testified he bought from Session, which Sessions contends was 28 grams.

London argues that his rights to confront witnesses against him was violated because the confidential informant who purchased cocaine hydrochloride from him in controlled purchases did not testify. London argues that he had a right to cross-examine the confidential informant and the

evidence of the controlled purchases could not presented solely by the testimony of Louisiana State Police Trooper Rohn Bordelon.

Morrison argues that the evidence of the firearm found in his residence and his statements regarding that firearm should not have been admitted into evidence. Morrison made the same arguments in his motion to suppress, which this court denied. Morrison is asking for a reconsideration of that order.

The government opposes the motions arguing that all evidence was properly admitted and that the evidence was sufficient for the jury to find the defendants guilty and the amounts of drugs involved. The government explains the testimony and evidence supporting the convictions on each charge.

## ANALYSIS

**I.      Legal Standards**

Rule 29 of the Federal Rules of Criminal Procedure governs motions for judgment of acquittal. "Rule 29 . . . tests only the sufficiency of the evidence introduced at trial to support the crime charged." United States v. Hope, 487 F.3d 224, 225 (5th Cir. 2007). Rule 29(a) provides in relevant part: "[T]he court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. Pro. 29(a).

Relief under Rule 29 is based on the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, which forbids conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the defendant] is charged." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979) (quotation and citations omitted). In ruling on such a motion, the court does not "ask itself whether it believes that the evidence at the

trial established guilt beyond a reasonable doubt," but rather "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 2789 (quotations and citations omitted). The court determines "only whether the jury made a rational decision, not whether its verdict was correct on the issue of guilt or innocence." United States v. Dean, 59 F.3d 1479, 1484 (5th Cir. 1995) (citations omitted). All evidence, both direct and circumstantial, reasonable inferences drawn from the evidence and all credibility choices are viewed in the light most favorable to the verdict. Id. (quotations and citations omitted). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." United States v. Mitchell, 484 F.3d 762, 768 (5th Cir. 2007) (internal quotations and citation omitted). However, the court must ensure that the verdict is not based on "mere suspicion, speculation, or conjecture, or on an overly attenuated piling of inference on inference." United States v. Moreland, 665 F.3d 137, 149 (5th Cir. 2011) (quotations and citations omitted).

The verdict must be upheld "if the fact finder was presented with sufficient evidence to support the verdict reached[.]" United States v. Lucio, 428 F.3d 519, 522 (5th Cir. 2005). However, a conviction must be reversed "if the evidence construed in favor of the verdict gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged." Dean, 59 F.3d at 1484 (quotations and citations omitted).

Rule 33 of the Federal Rules of Criminal Procedure allows a district court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R.Crim. Pro. 33(a). "The trial judge may weigh the evidence and may assess the credibility of the witnesses during its

consideration of the motion for new trial." United States v. Robertson, 110 F.3d 1113, 1117 (5th Cir. 1997) (citing Tibbs v. Florida, 102 S.Ct. 2211, 2215–16 (1982)). The court may grant a Rule 33 motion for a new trial when "the evidence preponderates heavily against the verdict such that it would be a miscarriage of justice to let the verdict stand." United States v. Fuchs, 467 F.3d 889, 910 (5th Cir. 2006) (citing United States v. Arnold, 416 F.3d 349, 360 (5th Cir.2005)). Granting a new trial "should be exercised infrequently by district courts, unless warranted by 'exceptional' circumstances." United States v. Tarango, 396 F.3d 666, 672 (5th Cir. 2005) (citations omitted).

## II. The Defendants' Motions

### A. Staggers, Session and London's Motion for Judgment of Acquittal and Motions for New Trial based on the Sufficiency of the Evidence (Docs. #346, 357, 358, 359 & 360)

Staggers, Sessions and London argue that there was insufficient evidence to support their convictions. Whether the evidence was sufficient to convict is determined by referring to the substantive elements of the offense charged, and applying the evidence to those elements. Moreland, 665 F.3d at 149 (citing Jackson, 99 S.Ct. at 2792 n. 16).

#### 1. Count 1 - Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 846

In Count 1 of the Third Superseding Indictment, the defendants were charged with conspiracy to distribute and posses with the intent to distribute cocaine hydrochloride, heroin and marijuana in violation of 21 U.S.C. § 846. The court instructed the jury that in order to find a defendant guilty of Count 1, the jurors must unanimously find:

> For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

7

| | |
|---|---|
| **First**: | That two or more persons, directly or indirectly, reached an agreement to either distribute or to possess with the intent to distribute a controlled substance. Heroin and cocaine hydrochloride are controlled substances; |
| **Second**: | That the defendant knew of the unlawful purpose of the agreement; |
| **Third**: | That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose, and |
| **Fourth:** | That the overall scope of the conspiracy involved a specific amount of controlled substances. |

The court further instructed the jury that if they found "that the government has proved beyond a reasonable doubt each of the first three elements for conspiracy as to a defendant, then you must return a guilty verdict as to Count 1 for that defendant[,]" and "[y]ou must then determine how much of each controlled substance was involved in the entire scope of the conspiracy, and how much of each controlled substance was attributable to each defendant." As to how to determine the amounts of controlled substances the court instructed:

> A quantity of a controlled substance is attributable to the defendant if the government proves beyond a reasonable doubt that the quantity of the controlled substance was within the scope of the conspiracy after the defendant joined the conspiracy and the defendant knew or should have known that the quantity of controlled substances was involved in the conspiracy. The attributable amount includes all quantities of a controlled substance with which the defendant was directly involved, as well as all reasonably foreseeable quantities that were within the scope of the conspiracy that he joined.

The jury convicted Staggers, Session and London on Count 1, and found that the overall scope of the conspiracy involved 1 kilogram or more of heroin and 5 kilograms or more of cocaine hydrochloride. The jury found that Staggers and Session knew or should have known that the

8

conspiracy involved 1 kilogram or more of heroin; and that Staggers, Session and London knew or reasonably should have known that the conspiracy involved 500 grams or more of cocaine hydrochloride. The testimony and evidence admitted at trial was sufficient to sustain these convictions.

The investigation of this matter began with a confidential informant ("CI") making controlled purchases of cocaine hydrochloride from London under the supervision of DEA Task Force Officer and Louisiana State Police Trooper Bordelon. The total amount of cocaine hydrochloride purchased by the CI from London in three controlled purchases was 83.02 grams.

After the controlled purchases, law enforcement officers obtained court-authorized Title III wire taps on several telephones associated with the defendants in this matter: London, Terrance Anderson, Session and Staggers. Through the monitoring of the recorded telephone calls, law enforcement officers were able to connect Session to defendant Luis Cotto, a supplier of narcotics. The law enforcement officers listened to several drug-related telephone calls.

On February 25, 2016, search warrants were executed on residences associated with Staggers and Session. Most significantly, when the agents searched Staggers' residence, 2116 Greenwood Drive, LaPlace, LA, they found a safe that contained $462,672 in United States currency, along with an AR-15 rifle, digital scales, drug sales ledgers, a money counter and seven cellular telephones. The search of Session's residence, 616 Turtle Creek Lane, St. Rose, LA, yielded devices used to compress narcotics, 23 empty bottles of the narcotics cutting agent Mannitol, $15,335 in United States currency, and several firearms.

On that same date, agents also executed a search warrant on the "stash house" located at 501 Indigo Parkway, Unit #33, LaPlace, LA. Agents testified that there was video surveillance showing

9

Staggers and Session at the "stash house." In the "stash house," agents discovered 520 grams of heroin, 37.275 grams of cocaine base, another 9.8 grams of heroin, 11.335 grams of cocaine hydrochloride and 66 grams of marijuana. Agents also found cutting agents, a money counter, a machine press, an AR-15 rifle and a Baretta 92FS 9mm. Further, agents found a Louisiana driver's license in the name of Corey Session.

On August 7, 2016, Cotto was pulled over for a traffic violation in Vinita, Oklahoma. During the stop, Oklahoma State Trooper Stephen Hamilton discovered $225,505 in the void of the backdoor of Cotto's vehicle. Trooper Hamilton also found a receipt with a phone number on it that matched one belonging to Session on which Cotto communicated with Session about narcotics deals.

The physical evidence of the drugs and money found, along with the content of the intercepted telephone calls, is more than sufficient to support the conspiracy convictions and the amounts of drugs found by the jury. Therefore, the jury made a rational decision in returning a guilty verdict as to Staggers, Session and London on Count 1; and, finding that the conspiracy involved 1 kilogram or more of heroin and 5 kilograms or more of cocaine hydrochloride; that Staggers and Session knew or should have known that the conspiracy involved 1 kilogram or more of heroin; and that Staggers, Session and London knew or reasonably should have known that the conspiracy involved 500 grams or more of cocaine hydrochloride. The defendants' motions are DENIED as to Count 1.

**2. Counts 3-6 and 8-15 - Use of a Communications Facility in Committing, Causing, or Facilitating the Commission of a Conspiracy to Distribute Controlled Substances in Violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2**

In Counts 3 through 6 and 8 through 15 of the Third Superseding Indictment Staggers, Session and/or London were charged with use of a communications facility in committing, causing, or facilitating the commission of a conspiracy to distribute controlled substances in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. The jury convicted the defendant or defendants charged in each of these counts.[1] The court instructed the jury that to find the charged defendant or defendants guilty of each of these counts the jury must unanimously find beyond a reasonable doubt that:

> **First**: That the defendant knowingly or intentionally used a "communication facility" as charged; and,
>
> **Second**: That the defendant used the "communication facility" with the intent to commit, facilitate the commission of, and cause the commission of the felony offense of conspiracy to distribute and to possess with the intent to distribute controlled substances, as that offense has been defined in these instructions.

The "communication facilities" at issue were several telephones. There defendants do not dispute that they intentionally used telephones; rather, they dispute whether there was sufficient evidence to support the conclusion that the recorded conversations involved the distribution of narcotics. The defendants argue that Agent Morris's lay opinion testimony regarding the content of the calls was not sufficient to support their convictions on these charges.

---

[1] Counts 2 and 7 of the Third Superseding Indictment charged London and Morrison with using a communications facility in furtherance of a drug trafficking crime. They were both acquitted of Counts 2 and 7 after their attorneys argued that the calls were about a supper and recording music, not narcotics transactions.

Prior to trial, this court ruled that Agent Morris could give lay opinion testimony regarding the content of the defendants' intercepted telephone calls based on his years of law enforcement experience related to narcotics investigations and his knowledge of this particular investigation after having listened to hundreds of telephone calls by and between people involved in this conspiracy. Agent Morris' testimony sufficiently established that the telephone calls underlying each of Counts 3 through 6 and 8 through 15 of the Third Superseding Indictment were in furtherance of the drug trafficking conspiracy. Agent Morris identified several code words that referred to narcotics within the context of the conversations. For example, Agent Morris explained that "gator", "gator meat" and "alligator" referred to heroin because the defendants used those words in conjunction with discussing "lab rats" and "guinea pigs" because drug dealers need heroin addicts to test the product before it goes to market. Based on the content of the recorded telephone calls and the testimony about them, the jury rationally found the defendants guilty of Counts 3 through 6 and 8 through 15. This conclusion is further supported by the jury's ability to distinguish telephone calls that were not about narcotics transactions in returning not guilty verdicts for Morrison and London on Counts 2 and 7. The defendants' motions are DENIED as to Counts 3 through 6 and 8 through 15.

3. **Counts 16 (Staggers) and 19 (Session) - Possession with the Intent to Distribute 100 Grams of Heroin in Violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2**

In Counts 16 and 19 of the Third Superseding Indictment Staggers and Session, respectively, were charged with possession with the Intent to distribute 100 Grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2. As to Counts 16 and 19 the court instructed the jury that in order to find Staggers or Session guilty of the charge the jury must unanimously find beyond a reasonable doubt that:

> **First:** That the defendant knowingly possessed a controlled substance;
>
> **Second:** That the substance was in fact heroin;
>
> **Third:** That the defendant possessed the substance with the intent to distribute it; and
>
> **Fourth:** The amount of heroin that the defendant knowingly and intentionally possessed was at least 100 grams.

There is ample evidence supporting these convictions. Agent Morris' testimony and the video surveillance connected both Staggers and Session to the stash house where law enforcement officers recovered 520 grams of heroin. Session argues that the heroin cannot be tied to him because there is no fingerprint evidence from the bag in which the drugs were stored. However, the government is not required to obtain fingerprint evidence. Further, there are telephone calls between Session and Staggers in which they discuss the sale of heroin, and one between Session and Cotto where they explicitly say they are talking about "heroin." Therefore, the jury's guilty verdict on Counts 16 and 19 were rational, and the defendants' motions are DENIED as to Counts 16 and 19.

> **4. Counts 17 (Staggers) and 20 (Session) - Possession of a Firearm in Furtherance of a Drug-Trafficking Crime in Violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(A)(I) and 2**

In Counts 17 and 20 of the Third Superseding Indictment Staggers and Session, respectively, were charged with possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. 924(c)(1)(A), 924(c)(1)(A)(I) and 2. As to Counts 17 and 20 the court instructed the jury that in order to find Staggers or Session guilty of the charge the jury must unanimously find beyond a reasonable doubt that:

> **First:** That the defendant committed the crime charged in Count 1 or Count 16 (Staggers) or 19 (Session). Conspiracy to distribute controlled substances as charged in Count 1,

>and possession with the intent to distribute heroin as charged in Count 16 (Staggers) or 19 (Session) are drug trafficking crimes; and

>**Second**: That the defendant knowingly possessed a firearm in furtherance of the defendant's commission of the drug trafficking crime charged in Count 1 or Count 16 (Staggers) or 19 (Session).

There is ample evidence supporting Staggers' conviction on Count 16 and Session's conviction on Count 19. As explained above, there is evidence support Staggers' and Session's convictions of Counts 16 and 19, respectively, and their convictions on Count 1. Firearms were found at both of their residences and the stash house. An ATF agent's testimony identified the firearms and verified that the firearms traveled in interstate commerce prior to the defendants' possessing them. Therefore, the jury rationally returned guilty verdicts on Counts 16 and 19, and the defendants' motions are DENIED as to these counts.

### 5. Counts 18 (Staggers) and 21 (Session) - Possession of a Firearm as a Felon in Violation of 18 U.S.C. §§ 922(g)(1) and 2

Counts 18 and 21 of the Third Superseding Indictment charge Staggers and Session, respectively, of being convicted felons in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 2. As to Counts 18 and 21, the court instructed the jury that in order to find Staggers or Session guilty of the charge the jury must unanimously find beyond a reasonable doubt that:

>**First**: That the defendant knowingly possessed a firearm as charged;

>**Second**: That before the defendant possessed the firearm, the defendant had been convicted in court of a crime punishable by imprisonment for a term in excess of one year; and

>**Third**: That the firearm possessed traveled in and affected interstate commerce before the defendant possessed it.

Staggers and Session both stipulated to having prior felony convictions. Law enforcement officers discovered firearms in the residences of all three men. ATF agents identified the firearms and testified that they traveled in interstate commerce prior to the defendants' possessing them. There is ample evidence to support these convictions. Therefore, the jury rationally returned guilty verdicts on Counts 18 and 21, and the defendants' motions are DENIED as to these counts.

**B. Staggers' Motion for Judgment of Acquittal and Motions for New Trial based on Evidence Admitted under Rule 404(b) (Doc. #346) and Morrison's Motion for New Trial (Doc. #350)**

Staggers is asking for reconsideration of this court's order allowing the government to present evidence of his prior convictions under Rule 404(b) of the Federal Rules of Evidence. Morrison is asking for a reconsideration of this court's order denying his motion to suppress evidence recovered from his house and statements he made during the search.

The Federal Rules of Criminal Procedure do not provide for motions to reconsider. However, in United States v. Healy, 84 S.Ct. 553, 555 (1964), and United States v. Dieter, 97 S.Ct. 18, 19 (1976), the Supreme Court of the United States sanctioned such motions in criminal proceedings by permitting the Government to seek reconsideration of district court rulings that dismissed indictments. The United States Court of Appeals for the Fifth Circuit has also sanctioned motions for reconsideration in criminal proceedings. United States v. Thompson, 79 Fed. App'x. 22, 23 (5th Cir. 2003) (citing United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982)("A motion for reconsideration in a criminal proceeding is a legitimate procedural device").

A motion for reconsideration can only be made on three grounds: (1) an intervening change in controlling law that has occurred since the Court's earlier ruling; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or fact or prevent

a manifest injustice." Max's Seafood Café ex ret. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

Staggers has not established any of the three factors. There has been no intervening change in the law controlling the admission of prior crimes evidence under Rule 404(b), no new evidence has become available, and the court did not err in admitting the evidence. Although Staggers entered into a stipulation pursuant to Old Chief v. United States, 117 S.Ct. 644 (1997), to establish his prior convictions for the charge of being a felon in possession of a firearm, evidence of his prior convictions was relevant and admissible under Rule 404(b) to establish his motive and intent to participate in the drug conspiracy. The court gave a limiting instruction to the jury to ensure that the evidence of Staggers' prior convictions was used only for the permitted limited purpose. Therefore, Staggers' motion to reconsider is DENIED.

Morrison has not establish any of the three factors. There has been no intervening change in the controlling law regarding suppression evidence. The evidence presented at the trial was the same evidence that was presented at the motion to suppress hearing. Finally, the court did not make a clear error of law or fact in denying Morrison's motion to suppress. The testimony of Jefferson Parish Sheriff's Office Detective David Bionolillo established that Morrison's wife, Shlonda Jupiter, voluntarily allowed the officers into the residence. After receiving the *Miranda* warning, Morrison gave the officers permission to search the residence and voluntarily made the statements regarding the firearm. Therefore, Morrison's motion to reconsider is DENIED.

### C. London's Confrontation Clause Argument in his Motion for New Trial and Motion for Post-Verdict Judgment of Acquittal (Doc. #359 & 360)

London argues that the Confrontation Clause of the Sixth Amendment to the Constitution of the United States was violated because the CI who bought drugs from him in controlled purchases

16

was not a witness at the trial.

The Sixth Amendment provides, in pertinent part, that in all criminal prosecutions, the accused shall enjoy the right to confront all witnesses against him. U.S. Const. amend. 6. In Crawford v. Washington, 124 S.Ct. 1354 (2004), the Supreme Court of the United States held that the Confrontation Clause applies only testimonial statements, which include "'solemn declaration[s] or affirmation[s] made for the purpose of establishing or proving some fact[,]" and "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial[.]" Id. at 51 (citations omitted). The Crawford Court made clear, however, that "[t]he Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." Id. at 59 n.9 (citation omitted); Whorton v. Bockting, 549 U.S. 406, 420 (2007) (affirming that Confrontation Clause has "no application" to "out-of-court nontestimonial statements").

London argues that LSP Trooper Bordelon testified improperly about substantive information received from the CI. However, Trooper Bordelon provided only a limited summary to explain why law enforcement officers decided to make controlled buys of cocaine from London. Statements that "explain the actions of the investigators" that are not offered for the truth of the matter asserted are not hearsay. United States v. Dunigan, 555 F.3d 501, 507 (5th Cir. 2009) ("Out-of-court statements offered for another purpose, e.g., providing background information to explain the actions of investigators, are not hearsay.") (quoting United States v. Johnston, 127 F.3d 380, 394 (5th Cir. 1997)). Because the Confrontation Clause does not apply to statements used for purposes other than establishing the truth of the matter asserted, these statements were properly admitted by the Court.

Further, the Court properly admitted the recordings between London and the CI. In United States v. Rios, 298 F. App'x 312, 313–14 (5th Cir. 2008), the defendant similarly argued that a recording of a sale of methamphetamine that he made to a non-testifying confidential informant violated the Confrontation Clause. The United States Court of Appeals for the Fifth Circuit rejected the argument, finding that "statements of the confidential informant on the recording were part of an integrated and reciprocal conversation" with the defendant. Id. at 313-14. The audiotape was properly authenticated because the officer monitoring the controlled buy "testified that he was in the vicinity of Rios and the confidential informant, saw them meet, and listened to the conversation while it was being recorded." Id. at 414. The court concluded that "the statements of the confidential informant on the recording and transcript were admitted to provide context to Rios's statements, were not admitted to prove the truth of the matters asserted therein, and did not violate the Confrontation Clause or the hearsay rule." Id.

The same situation occurred in this case. Trooper Bordelon testified that he met with the CI at the staging area prior to each controlled buy, where he provided the recording device and the funds for the purchase to the CI. Bordelon also searched the CI and his vehicle to ensure no contraband or other cash was in his possession. Trooper Bordelon and other agents then surveilled each controlled buy and observed the CI meet with Gregory London. Trooper Bordelon testified that the CI then traveled directly back to the staging area where he searched the CI and his vehicle again and took possession of the purchased cocaine. Bordelon also took possession of the recording device, and he confirmed that no one had tampered with the device. The recorded conversations presented at trial concerned conversations between the CI and London, and the court properly admitted the CI's statements in order to place London's statements during the controlled buys into

context. Therefore, London's motions based on the Confrontation Clause argument are DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Andre Staggers' Motion for Judgment of Acquittal, or Alternatively Motion for New Trial Pursuant to Rule 29 of the Federal Rules of Criminal Procedure (Doc. #346) is **DENIED**.

**IT IS FURTHER ORDERED** that Leonard Morrison's Motion for New Trial (Doc. #350) is **DENIED**.

**IT IS FURTHER ORDERED** that Corey Session's Post-Verdict Motion for Judgment of Acquittal (Doc. #357) is **DENIED**.

**IT IS FURTHER ORDERED** that Corey Session's Motion for a New Trial (Doc. #358) is **DENIED**.

**IT IS FURTHER ORDERED** that Gregory London's Motion for New Trial (Doc. #359) is **DENIED**.

**IT IS FURTHER ORDERED** that Gregory London's Motion for Post-Verdict Judgment of Acquittal (Doc. #360) is **DENIED**.

New Orleans, Louisiana, this  10th  day of October, 2018.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**