UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 16-36** |
| **ANDRE STAGGERS** | **SECTION "S"** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Andre Staggers' **Motion for Return of Property to Claimant, Liability for Wrongful Seizure, Attorney Fees, Costs, and Interest** pursuant to 28 U.S.C. § 2465 (Rec. Doc. 619) is hereby **DENIED** for lack of jurisdiction.

## BACKGROUND

Andre Staggers ("Staggers") was convicted on counts 1, 8, 10, 12, 13, 14, 15, 16, 17, and 18 of the Third Superseding Indictment, charging him with conspiracy to distribute controlled substances, use of a communications facility in the commission of a conspiracy to distribute controlled substances, possession with intent to distribute controlled substances, possession of a firearm in furtherance of a drug-trafficking crime, and possession of a firearm as a felon. During the execution of a search warrant at Staggers' address on February 25, 2016, Drug Enforcement Agency ("DEA") agents arrested Staggers and seized contraband. The evidence seized from Staggers' residence included $462,672.00 in cash, an AR-15 rifle, and approximately 461 grams of heroin. The jury found Staggers guilty of conspiracy to distribute heroin and cocaine, possession with intent to distribute heroin, and possession of a firearm in furtherance of a drug trafficking crime.

Vicki Rashid, Forfeiture Counsel for the DEA, declared the following facts under penalty of perjury. Prior to Staggers' trial, the DEA pursued administrative forfeiture of the cash seized during the raid of Staggers' residence. Notice of the forfeiture was mailed to Staggers' last known

1

address and to Nelson Coleman Correctional Center ("NCCC") on March 17, 2016. The return receipt from the NCCC notice was signed, though it was not signed by Staggers. The mailing to Staggers' last known address was returned as undeliverable. Staggers acknowledged, in a letter of February 27, 2017, that he received the NCCC mailing. The DEA also posted notice of the seizure on Forfeiture.gov for 30 consecutive days from April 4, 2016 through May 3, 2016. The final date to file a claim contesting the forfeiture was June 3, 2016. On June 17, 2016, having received no claim, the $462,672.00 in cash was forfeited pursuant to 19 U.S.C. § 1609. On February 27, 2017, Staggers filed a claim contesting forfeiture of the cash, arguing that the search of his residence and seizure of the cash was illegal. The DEA responded that the time to file a claim contesting forfeiture of the cash had expired.

## ANALYSIS

Staggers argues that he is entitled to return of his property, along with attorney's fees, costs, and interest pursuant to 28 U.S.C. § 2465. That statute provides, in relevant part:

> (a) Upon the entry of a judgment for the claimant in any proceeding to condemn or forfeit property seized or arrested under any provision of Federal law--
> (1) such property shall be returned forthwith to the claimant or his agent; and
> . . .
> (b)(1) Except as provided in paragraph (2), in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for--
> (A) reasonable attorney fees and other litigation costs reasonably incurred by the claimant;
> (B) post-judgment interest, as set forth in section 1961 of this title . . . .

Id.

Section 2465 allows the return of property upon "entry of a judgment for the claimant" and an award of fees, costs, and interest where "the claimant substantially prevails" in a civil proceeding to forfeit property under federal law. Id. Here, there is no judgment for Staggers, nor

has he "substantially prevailed," because Staggers filed his claim after the filing deadline and the property was forfeited to the government.

Therefore, Staggers has no claim under § 2465 absent a showing of failure to comply with procedural requirements or to comport with due process. "Once the administrative forfeiture was completed, [a] district court lack[s] jurisdiction to review the forfeiture except for failure to comply with procedural requirements or to comport with due process." United States v. Schinnell, 80 F.3d 1064, 1069 (5th Cir. 1996). Staggers noted, in his February 2017 letter to the DEA, that he "was not responsive to mail sent to [him] at the time so [he] mailed the [notice of forfeiture] to my family at the time to have an attorney look over it, but to no avail was [he] able to get a response." Staggers therefore acknowledged that he received effective notice. Jaramillo-Gonzalez v. United States, 397 F. App'x 978, 980 (5th Cir. 2010) (holding receipt of notice at prison where defendant held satisfies notice requirement). Staggers has not identified any procedural irregularity or due process violation in the administrative forfeiture process. Accordingly,

**IT IS HEREBY ORDERED** that Andre Staggers' **Motion for Return of Property to Claimant, Liability for Wrongful Seizure, Attorney Fees, Costs, and Interest** pursuant to 28 U.S.C. § 2465 (Rec. Doc. 619) is hereby **DENIED** for lack of jurisdiction.

New Orleans, Louisiana, this  6th  day of May, 2021.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

3