UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 16-36 |
| ANDRE STAGGERS | SECTION "S" |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Andre Staggers' **Rule 33 Motion for a New Trial Based on Newly Discovered Evidence (Rec. Doc. 640)** is **DENIED**;

**IT IS FURTHER ORDERED** that Andre Staggers' **Motion for Discovery of Sealed and Unsealed Documents (Rec. Doc. 649)** is **DENIED** as moot.

### DISCUSSION

Andre Staggers was convicted following a trial by jury for conspiracy to distribute controlled substances, use of a communications facility in the commission of a conspiracy to distribute controlled substances, possession with intent to distribute controlled substances, possession of a firearm in furtherance of a drug-trafficking crime, and possession of a firearm as a felon. The Fifth Circuit affirmed his conviction. He is currently serving a mandatory life sentence.

Pursuant to Rule 33 of the Federal Code of Criminal Procedure, Staggers filed the instant motion for a new trial based on newly discovered evidence. The government opposes the motion. Subsequent to the filing of his motion, Staggers filed a motion for discovery related to his Rule 33 motion.

## DISCUSSION

### I. Applicable Law

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. PRO. 33(a). "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." FED. R. CRIM. PRO. 33(b)(1).

To prevail on a Rule 33 motion based on newly discovered evidence, the defendant must prove:

> (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a new trial would probably produce an acquittal.

United States v. Wall, 389 F.3d 457, 467 (5th Cir. 2004) (citing United States v. Erwin, 277 F.3d 727, 731 (5th Cir. 2001)). "If the defendant fails to demonstrate any one of these factors, the motion for new trial should be denied." Id. See also United States v. Scott, 2020 WL 1974255 (E.D. La. Apr. 24, 2020) (applying the test). Further, "[m]otions for new trial based on newly discovered evidence are disfavored and reviewed with great caution." Wall, 389 F.3d at 467 (internal quotations omitted).

### II. Motion for New Trial Based on Newly Discovered Evidence

The jury returned its verdict on August 10, 2018. Staggers' motion is dated August 6, 2021. Accordingly, the motion is filed within the three-year period mandated by Rule 33(b), and is timely.

2

### A. Ballard's Immunity

Staggers argues that the government failed to disclose that his co-defendant, Kirk Ballard, was granted immunity prior to Staggers' trial. The government argues that Ballard was not provided formal immunity, but instead that it entered into a plea agreement with Ballard in which it agreed not to charge him for other violations of the Federal Controlled Substances Act committed prior to his arrest if he told the truth regarding his crimes.

Ballard's plea agreement is part of the public record. The plea agreement was signed by Ballard, his attorneys, and the government on July 9, 2018. Rec. Doc. 288. Staggers' trial began on August 6, 2018. Thus, Staggers could have discovered the evidence with due diligence. Accordingly, Ballard's plea agreement does not provide a basis for a new trial.

### B. London's Guilty Plea

Staggers argues that the failure to inform defense that his co-defendant, Gregory London, pleaded guilty and was a government agent violated his Confrontation Clause rights. However, London did not plead guilty. London went to trial and was convicted of conspiracy to distribute cocaine hydrochloride and using a communications facility in furtherance of drug trafficking. Rec. Doc. 341. Accordingly, a new trial is not warranted based on a guilty plea by Gregory London.

### C. Special Agent Scott's Involvement

Staggers argues that recently convicted former DEA Special Agent Chad Scott was involved in his case, and that the government violated Brady and Giglio by claiming otherwise at trial. However, the record reflects that the parties stipulated that Special Agent Scott was not part of the investigation leading to the charges Staggers faced at trial in the instant case. Staggers

3

offers no new information in his motion to refute the stipulation. Special Agent Scott's alleged involvement provides no basis for a new trial.

### D. K-9 Evidence

Staggers argues that the government failed to disclose a report from Agent Morris indicating that a K-9 unit did not alert to Staggers' vehicle on February 3, 2016. Staggers argues that this failure to disclose prejudiced his ability to file a motion in limine to exclude evidence found pursuant to an illegal search. However, the record reflects that this information was available to the defense at the time of trial and actually used by Staggers' attorney at trial. Rec. Doc. 559 p. 7-8, 168-71. Accordingly, the alleged non-disclosure regarding the K-9 search provides no basis for a new trial.

### E. Paid Government Informant

Staggers argues that the government failed to disclose that his co-defendant, Luis Cotto, was a paid government informant enlisted to entrap co-defendant Corey Session. According to Staggers, a traffic stop involving Cotto was staged as part of a conspiracy between the Oklahoma State Police, Louisiana State Police, and the DEA, and Cotto was used to elicit an incriminating phone conversation with Session.

There is no evidence that Cotto was a paid informant. Cotto pleaded guilty without a plea agreement. There is no evidence that he received any consideration for his plea. He did not testify at Staggers' trial.

Further, exclusion of a single phone conversation with Corey Session would not have resulted in a different trial outcome. The evidence in this case includes numerous wiretap calls among the co-conspirators, including Corey Session, and substantial evidence was seized in the

form of large quantities of drugs, firearms, and hundreds of thousands of dollars. Thus, Staggers' assertions regarding Cotto acting as a paid informant do not provide a basis for a new trial.

### III. Motion for Discovery of Sealed and Unsealed Documents

Because this court denies Staggers' Rule 33 Motion, his Motion for Discovery filed in connection with the motion is moot.[1] Accordingly,

**IT IS HEREBY ORDERED** that Andre Staggers' **Rule 33 Motion for a New Trial Based on Newly Discovered Evidence (Rec. Doc. 640) is DENIED**;

**IT IS FURTHER ORDERED** that Andre Staggers' **Motion for Discovery of Sealed and Unsealed Documents (Rec. Doc. 649) is DENIED** as moot.

New Orleans, Louisiana, this __12th__ day of October, 2021.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[1] The court also notes that it has reviewed Staggers' Motion for Discovery and found that even if granted in full, the requested evidence would not provide support for his arguments sufficient to grant his Rule 33 motion on any ground alleged.