**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                       **NO:  16-36**

**ANDRE STAGGERS**                               **SECTION: "S" (1)**

**ORDER AND REASONS**

IT IS HEREBY ORDERED that the **Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence** (Rec. Doc. 627) and supplemental **Motion Under 28 U.S.C. §2255** (Rec. Doc. 647) filed by defendant, Andre Staggers, are **DENIED**.

**I. BACKGROUND**

This matter is before the court on Andre Staggers' Motion and Supplemental Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Having reviewed the entire record, the court finds that this matter can be resolved without an evidentiary hearing. It is undisputed that this matter was timely filed.

In January 2015, following up on a tip from a confidential informant, the Drug Enforcement Administration ("DEA"), together with state and local law enforcement, initiated a drug trafficking investigation in LaPlace and St. Rose. As part of the investigation, the DEA obtained judicial authorization for wiretaps of telephones belonging to Staggers and others. Based in part on the wiretaps, the DEA obtained search warrants for Staggers's residence, co-defendant Leonard Session's residence, and a suspected stash house.

The search of Staggers's residence yielded approximately 460 grams of heroin, a loaded

assault rifle, drug paraphernalia, a money counter, over $460,000 in cash, and mail addressed to Staggers. In Session's residence the DEA found a loaded assault rifle, a loaded pistol, bottles of mannitol (a cutting agent used to dilute cocaine and heroin), drug paraphernalia, over $1,000 in cash, and mail addressed to Session. Inside the suspected stash house, the DEA seized over 500 grams of heroin, 11 grams of powder cocaine, 37 grams of crack cocaine, an assault rifle, a pistol, ammunition of various calibers, bottles of mannitol, drug paraphernalia, a money counter, $14,000 in cash, mail addressed to Session, and identification cards belonging to Session.

In the third superseding indictment, Staggers and others were charged in Count 1with conspiring to distribute and to possess with intent to distribute powder cocaine and heroin. In Count 11, Staggers was charged with using a communication facility to facilitate the commission of a drug-trafficking crime. Count 21 charged Staggers with possession with the intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin. In Count 22, Staggers was charged with  possessing a firearm in furtherance of drug-trafficking crimes. Count 23 charged Staggers with being a felon in possession of a firearm.

A jury trial was held from August 6 to 10, 2018. Staggers was found guilty on all charges against him. The jury, in separate interrogatories, found that the conspiracy involved one kilogram or more of heroin and five kilograms or more of cocaine hydrochloride. The jury also found that Staggers knew or should have known that the conspiracy involved 1 kilogram or more of heroin; and that Staggers knew or reasonably should have known that the conspiracy involved 500 grams or more of cocaine hydrochloride.

Staggers appealed his sentence to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit affirmed.[1] Staggers filed a Motion for New Trial under Rule 33, seeking a new trial based on what he argued was newly discovered evidence, which the court denied. In the instant section 2255 motion, he argues, inter alia, that he should be re-sentenced under the First Step Act of 2018, and that he was denied effective assistance of counsel. The government opposes the motion.

## II. LEGAL STANDARD

Pursuant to section 2255, a prisoner in custody under a federal court sentence may seek relief on four bases: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255. If the district court determines that a petitioner is entitled to relief under section 2255, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Relief under section 2255 "'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting United States v. Vaughn, 955 F.2d 367, 368

---

[1] United States v. Staggers, 961 F.3d 745, 750–51 (5th Cir.), cert. denied, 141 S. Ct. 388, 208 (2020).

3

(5th Cir. 1992) (per curiam)).

In considering a § 2255 petition, the court, after reviewing the full record, must determine whether an evidentiary hearing is necessary. Rules Governing Section 2255 Proceedings, Rule 8. Courts are required to hold an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). An evidentiary hearing is not required if the petitioner fails to produce any "independent indicia of the likely merit of [his] allegations." United States v. Edwards, 442 F.3d 258, 264 (5th Cir. 2006) (quoting United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998)). The petitioner bears the burden of establishing his claims by a preponderance of the evidence. Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980).

### III. DISCUSSION

In his original section 2255 petition, Staggers argues that he should be re-sentenced under the First Step Act of 2018. He also argues that the evidence was insufficient to establish that he was aware of his felon status at the time he illegally possessed the firearm, and the jury failed to make this requisite finding. He further claims his conviction as a felon in possession should be dismissed because he was not under supervision at the time of the illegal possession.

Staggers further contends that his counsel was ineffective in the following particulars: (1) counsel did not appeal the improper drug quantity attributed to Staggers; (2) counsel failed to object to the jury instructions with the result that Staggers was sentenced under 21 U.S.C. § 846 instead of § 841; (3) counsel failed to object to the fact of his prior felony convictions being

4

charged via a bill of information rather than an indictment; (4) counsel improperly allowed Staggers to be convicted of 18 U.S.C. § 924(c) as to the "use" element; and (5) counsel errred in failing to raise an objection based on United States v. Davis, 139 S. Ct. 2319 (2019). In his supplemental petition, Staggers contends that his attorney was ineffective in the following particulars: (6) failing to timely file a motion to suppress a search warrant; (7) failing to timely file a motion to suppress the tracking of the 2012 Toyota Camry; (8) failing to move for Staggers' severance from his co-defendants for trial; (9) failing to investigate prior convictions considered in his criminal history at sentencing, which would have shown that they were not separate convictions; and (10) that his attorney should have known the First Step Act was being signed into law and asked for a continuance. Staggers also alleges several grounds of prosecutorial misconduct related to the alleged withholding of exculpatory information by the government.

### A.  Previously litigated claims

Staggers first argues that he is entitled to be re-sentenced under the First Step Act of 2018, which was enacted after his sentencing. He also argues that the evidence was insufficient to establish that he was aware of his felon status at the time he illegally possessed the firearm, and the jury failed to make this requisite finding. Staggers previously raised both of these issues on direct appeal, and the United States Court of Appeals specifically rejected his arguments. Staggers, 961 F.3d at 754-55. It is well-established that grounds previously litigated and rejected on direct appeal cannot be re-urged in a post-conviction motion under section 2255. See United

States v. Rocha, 109 F.3d 225, 229 (5th Cir. 1997) (citing United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986 )). Accordingly, these issues are not cognizable on section 2255 review, and provides no basis for relief.

## B. Ineffective assistance of counsel

Staggers contends that his constitutional rights were denied due to ineffective assistance of counsel. To succeed on a claim of ineffective assistance of counsel, petitioner must show: (1) that his counsel's performance was deficient; and (2) that his counsel's deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A claim of ineffective assistance of counsel is defeated if the petitioner fails to establish either deficient performance or resulting prejudice. United States v. Chavez, 193 F.3d 375, 378 (5th Cir. 2000).

Deficient performance by counsel is established by showing "that counsel's representation fell below an objective standard of reasonableness." Strickland,, 466 U.S. at 687-88. In applying this standard, the "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." Bell v. Cone, 535 U.S. 685, 02 (2002) (quoting Strickland, 466 U.S. at 689). The "objective standard of reasonableness" requires "that counsel research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." United States v. Conley, 349 F.3d 837, 841 (5th Cir. 2003) (quotations omitted). However, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance

6

of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." United States v. Jones, 287 F.3d 325, 331 (5th Cir. 2002) (quotations omitted). Thus, "[i]nformed strategic decisions of counsel are given a heavy measure of deference and should not be second guessed." Id. (quotations omitted).

To demonstrate prejudice caused by counsel's allegedly deficient performance, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

There is no reason for a court to address both the performance and the prejudice components if the defendant makes an insufficient showing on one. See Strickland, 466 U.S. at 697. "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. If it is easier to dispose of the claim because of a lack of sufficient prejudice, that course should be followed. Id.

### 1. **Failure to appeal the drug quantity attributable to Staggers**

Staggers argues that the total amount of drugs involved in the conspiracy was improperly attributed to him individually, and his counsel was ineffective in failing to challenge it. In so arguing, he relies on Alleyne v. United States, 570 U.S. 99 (2013) and United States v. Haines, 803 F. 3d 713 (5th cir. 2015). Alleyne requires that any fact that enhances a penalty must be submitted to the jury and proved beyond a reasonable doubt. 570 U.S. at 116. Citing Alleyne, Staggers argues that the jury failed to make the necessary finding regarding drug quantity

7

attributable to him individually. <u>Haines</u> held that "[f]or purposes of statutory minimums at sentencing, the relevant quantity is the quantity attributable to the individual defendant." <u>United States v. Haines</u>, 803 F.3d 713, 742 (5th Cir. 2015). Citing <u>Haines</u>, Staggers argues that there was insufficient evidence of his direct involvement with the quantity of cocaine attributed to him individually, and that the amount involved in the entire conspiracy (one kilogram or more) was improperly attributed to him. Staggers argues that his appellate attorney was ineffective for failing to raise these issues on direct appeal.

The record establishes that the facts that enhanced Staggers' penalty (i.e., drug quantities attributable to Staggers individually) were, in fact, submitted to the jury and proven beyond a reasonable doubt. The verdict form reflects that the jury found Staggers guilty of a conspiracy that involved one kilogram or more of heroin and five kilograms or more of cocaine hydrochloride. It made two separate findings that Staggers knew or reasonably should have known that the conspiracy involved one kilogram or more of heroin, and that Staggers knew or reasonably should have known that the conspiracy involved 500 grams or more of cocaine hydrochloride. In addition to the fact the jury clearly made the requisite findings, the fact that it concluded the conspiracy involved five kilograms or more of cocaine and Staggers knew or should have known of 500 grams or more demonstrates two facts: first, the jury did not attribute the entire amount of cocaine in the conspiracy to Staggers; and second, that it made a considered finding on this point.

With respect to Staggers' contention that the evidence regarding cocaine quantity was

insufficient, assuming *arguendo* that were the case, it would make no difference in the mandatory minimum sentence. Title 28, section 841(b)(1)(A)(i) and (ii) mandate life imprisonment for an individual convicted of possession, distribution, or possession with intent to distribute one kilogram or more of heroin, *or* five kilograms or more of cocaine, if that individual has two prior final felony drug offense convictions. Title 28, section 846 imposes the same penalty for the section 841 offense (in this case, mandatory life), for those convicted of conspiring to commit the section 841 offenses. Thus, conviction based on either the requisite quantity of heroin or the requisite quantity of cocaine results in a mandatory life sentence.

Compelling evidence was presented at trial that Staggers knew he was participating in a conspiracy involving over a kilogram of heroin. DEA agents arrested Staggers at his residence at 2116 Greenwood Drive, where they found over 400 grams of heroin, an AR-15 rifle, and over $460,000 in cash. At the stash house, the DEA found over 500 grams of heroin, 11 grams of powder cocaine, 37 grams of crack cocaine, digital scales, machine presses, a vacuum sealer, a money counter, and over $14,000 in cash. The volume of heroin seized by agents in executing these two warrants alone totaled almost one kilogram. Further, phone calls tied Staggers to Session and the stash house. In one instance from January 2016, Session and Staggers were intercepted discussing needing a "lab rat" to experiment with some "alligator," and agents later saw Staggers' car pull up to the stash house while Session's car was already parked outside. Additional intercepted phone calls between Staggers and Session demonstrated their ongoing conspiracy to distribute drugs, which permitted the jury to conclude that the quantity of heroin

exceeded the nearly one kilogram that was seized on February 25, 2016.

In determining whether appellate counsel's performance has been deficient, the Fifth Circuit has stated that "[c]ounsel does not need to 'raise every nonfrivolous ground of appeal available.' Nonetheless, a reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." Id. (quoting Green v. Johnson, 160 F.3d 1029, 1043 (5th Cir. 1998)). Considering this compelling evidence of guilt, Staggers' appellate attorney's decision not to pursue a losing argument does not fall below an objective standard of reasonableness or constitute deficient performance. Moreover, the fact that Staggers' co-defendant Corey Session did raise this issue on appeal, and the Fifth Circuit rejected it, opining that the 981 grams of heroin seized together with the intercepted calls "are more than enough evidence to conclude that the jury's finding was adequately supported by the evidence," demonstrates that the result would not have been different. Staggers, 961 F.3d at 762. Accordingly, Staggers cannot establish that his attorney's services were defective or that he was prejudiced by his decision not to raise on appeal sufficiency of the evidence related to the volume of drugs attributed to him.

### 2. **Failure to object to instructing the jury on 21 U.S.C. § 846**

Staggers was charged with both possession with intent to distribute over 100 grams of heroin, in violation of 21 U.S.C. §841, and conspiracy to possess with intent to distribute one kilogram or more of heroin and 500 grams or more of cocaine in violation of 21 U.S.C. §846. Accordingly, the jury was instructed on these counts (among others). Staggers appears to argue

10

that his counsel should have objected to the jury being instructed on the conspiracy count, and it should only have been instructed on the substantive count, because the conspiracy count exposed him to mandatory life.

However, because Staggers was indicted and tried on the conspiracy charge, there was no choice but to instruct the jury on this charge. No valid objection to the jury charges could have been brought by his attorney that would result in the dismissal of a count of the indictment. Accordingly, Staggers' attorney's failure to make such an objection had no effect on the outcome of his case, and Staggers cannot establish that his attorney was ineffective for failing to object to these instructions.

### 3. Failure to challenge charging document for prior convictions

Staggers contends his counsel was ineffective in failing to challenge the fact that his prior convictions were charged by bill of information, rather than indictment. Staggers argues that 21 U.S.C. § 851 permits predicate convictions for an enhancement to be charged by bill of information only when the maximum penalty is three years, and his maximum was life in prison. The statute expressly permits that an information, not an indictment, be filed by the U.S. Attorney:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, *the United States attorney files an information with the court* (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

11

21 U.S.C. § 851(a)(1) (emphasis added).

However, Staggers is correct that § 851 further provides that if the enhanced penalty is in excess of three years, such an information may not be filed unless the defendant either waived indictment or was indicted "for the offense for which such increased punishment may be imposed." 21 U.S.C. § 851(a)(2). The Fifth Circuit has opined that this clause requires that the instant offense (as opposed to the prior convictions) must have been charged by indictment. United States v. Lampton, 158 F.3d 251, 256 (5th Cir. 1998). For the instant offense, "for which [the] increased punishment [was] imposed," Staggers was charged, tried, and convicted on the third superseding indictment. Thus, the government complied with the requirements of § 851, and it was not required to charge Staggers' prior convictions by indictment. His argument that his counsel was ineffective for failing to challenge the charging document lacks merit.

### 4. Failure to challenge conviction under the "use" prong of 18 U.S.C. § 924(c)

Staggers contends that his counsel was ineffective in allowing him to be convicted of title 18, section 924(c) for using a firearm in relation to a drug trafficking crime. Section 924 provides for an enhanced punishment for "any person who, during and in relation to any crime of violence or drug trafficking crime ... *uses* or carries a firearm, or who, in furtherance of any such crime, *possesses* a firearm."  (Emphasis added.) Thus, the enhancement applies to persons who use or possess a firearm in furtherance of a drug trafficking crime.

The third superseding indictment in this case alleged that Staggers "did knowingly and intentionally *possess* a firearm . . . in furtherance of drug-trafficking crimes for which he may be

12

prosecuted in a court of the United States . . . ." (Emphasis added.) Thus, Staggers was not convicted under the "use" prong of section 924(c), he was convicted under the "possession" prong. Staggers' argument that his counsel's assistance was ineffective based on his conviction for "use" of a firearm is grounded in a false premise and therefore meritless.

**5.  Failure to raise a challenge based on <u>United States v. Davis</u>**

Staggers faults his counsel for failing to raise a challenge based on <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019). As previously noted, section 924 (c)(1)(A) applies to persons "who, during and in relation to any crime of violence *or* drug trafficking crime ... possess[] a firearm." (Emphasis added.) In <u>Davis</u>, the Supreme Court held that the statutory definition of "crime of violence" in section 924(c)(3)(B)'s residual clause was unconstitutionally vague. <u>Davis</u>, 139 S. Ct. at 2336. <u>Davis</u> thus applies to cases in which the enhancement was predicated on a "crime of violence" under the residual clause. It has no relevance in Staggers' case where the predicate offense was a drug trafficking crime. <u>Davis</u> is simply inapplicable under the facts of Staggers' case and his attorney cannot have been deficient for failing to object based upon it.

**6. <u>Failure to timely file a motion to suppress search warrant</u>**

In his supplemental petition, Staggers contends that his attorney was ineffective in failing to timely file a motion to suppress a search warrant. However, the "failure to file a suppression motion does not constitute per se ineffective assistance of counsel." <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 384 (1986).To demonstrate actual prejudice stemming from an alleged failure to competently litigate suppression of unconstitutionally obtained evidence, the petitioner must

show a meritorious Fourth Amendment violation and "that there is a reasonable probability that the verdict would have been different" absent the excludable evidence or statements. Id. at 375. A meritorious Fourth Amendment argument alone will not earn a petitioner relief. Only a petitioner who can prove he has been denied a fair trial by the gross incompetence of his attorney will be granted relief and will be entitled to retrial without the challenged evidence. Id. at 382.

Further, "[a]lthough pro se filings are liberally construed, this does not mean the court must develop the arguments on behalf of the litigant." Lincks v. United States, 2021 WL 4395816, at *3 (N.D. Tex. June 8, 2021), report and recommendation adopted, 2021 WL 3828154 (N.D. Tex. Aug. 27, 2021) (citing United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) (other citations omitted)). "[M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding." Smallwood v. Johnson, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); see also Lookingbill v. Cockrell, 293 F.3d 256, 263 (5th Cir. 2002) (where a habeas petitioner fails to brief an argument adequately, it is considered waived) (citing Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998)).

While Staggers does not so state, presumably the warrant he seeks to suppress is the warrant for his residence at 2116 Greenwood Drive. However, Staggers' argument on this issue is completely conclusory. In his memorandum, he does not state what Fourth Amendment violation occurred, or reference any facts to support one. The court's review of the record does not suggest a Fourth Amendment violation occurred. To the contrary, it reflects that probable cause existed for the warrant. The warrant was supported by an 11-page affidavit that detailed a

14

long-running wiretap narcotics investigation. The affidavit included summaries of wiretap calls from October and November 2015 in which Staggers and Session have numerous coded drug-related conversations. The summaries include calls where Staggers and Session rate the quality of drugs and discuss prices for drugs. The affidavit also detailed surveillance by agents who observed Staggers departing and returning to his Greenwood Drive residence after meeting with co-conspirators. For example, on November 18, 2015, agents observed Staggers' vehicle at the Greenwood Drive residence. Staggers then had a drug-related conversation with Session, and then left his Greenwood Drive residence and drove to the stash house at 501 Indigo Parkway. Agents observed Session's vehicle outside of the stash house as well. Special Agent Morris noted that agents had previously seen both Staggers and Session park outside the stash house at the same time on prior occasions. These observations connected 2116 Greenwood Drive with Staggers' drug activity. Under the totality of the circumstances, they establish probable cause for the search of 2116 Greenwood Drive.

Moreover, compelling evidence of Staggers' guilt was presented at trial independent of the seizures at his residence, including numerous wiretap calls discussing "gator meat" (i.e., heroin), "lab rats" (i.e., drug addicts who test potency), and other coded language. In addition, at the 501 Indigo Parkway stash house, the DEA found over 500 grams of heroin, 11 grams of powder cocaine, 37 grams of crack cocaine, digital scales, machine presses, a vacuum sealer, a money counter, and over $14,000 in cash. Accordingly, Staggers has not established that his attorney was ineffective for not filing a motion to suppress, or that if he had, that the result

15

would have changed. He is not entitled to relief on this ground.

### 7. <u>Failure to file a timely motion to suppress the tracking of the 2012 Toyota Camry</u>

Staggers also claims that his attorney was ineffective in failing to file a timely motion to suppress the tracking of his 2012 Toyota Camry, because probable cause was lacking. However, as with the search of his residence, the record reflects that probable cause was present. The vehicle tracking affidavit included the agent's training and experience, and provided similar information regarding the evidence garnered in the investigation. The affidavit explained that wiretap orders had been authorized, and agents had intercepted Staggers and Session engaged in coded drug conversations. The agent explained that Staggers and Session agreed to meet after having a narcotics-related conversation, and that subsequently  agents observed Staggers use the Toyota Camry to meet with Session. For example, in November 2015, agents learned that Staggers drove to Missouri City, Texas, where his suspected source of drug supply was located. Upon returning to Louisiana on November 18, 2015, Staggers spoke with Session on the phone and told him that he was returning home. Later that morning, agents observed Staggers' Camry backed into the driveway. Staggers and Session then had another call during which they agreed to meet, and then agents observed Staggers get into the Camry and leave his house. Shortly thereafter, a pole camera set up outside the 501 Indigo Parkway stash house showed Staggers arriving at the location in the Camry. The affidavit recounted a similar occurrence in January 2016.

Staggers' recurring use of the Toyota Camry to meet with Session at a stash house

16

connected the Camry to Staggers' drug trafficking and established adequate probable cause to track the Camry. See United States v. Robinson, 2013 WL 5707866, at *2 (W.D. La. Oct. 17, 2013), aff'd sub nom. United States v. Smith, 609 F. App'x 180 (5th Cir. 2015) (denying motion to suppress vehicle tracking warrant where confidential sources connected defendant to a truck that he drove to commit armed robberies). Because probable cause was present, Staggers' attorney was not ineffective in failing to file a motion that would not have succeeded. Further, because overwhelming other evidence was adduced, suppression of the evidence derived from the tracking warrant, which was limited to the movement of Staggers' vehicle, would not have affected the outcome of the trial. Staggers' argument on this ground lacks merit.

### 8. Failure to move for Staggers' severance from his co-defendants for trial

Staggers asserts that his attorney was ineffective because he did not move to sever Staggers from his co-defendants for trial. Federal Rule of Criminal Procedure 8(b) provides that two or more defendants may be charged in the same indictment if they are alleged to have participated in the same series of acts or transactions constituting an offense. "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Nevertheless, "[i]f the joinder of offenses or defendants in an indictment, an information, or consolidation for trial appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14(a). However, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a

17

specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539.

The charges against Staggers and his co-defendants were interrelated and part of the same overall conspiracy. Thus, the defendants were properly joined under Rule 8(b). Further, Staggers has not pointed to any evidence linked solely to other defendants that would show that the proceedings were prejudicial to him. Nor has he demonstrated a specific trial right that was compromised due to the joint trial. Thus, severance was not required by law. When severance is not required as a matter of law, the failure to seek such relief does not constitute ineffective assistance of counsel. United States v. Garza, 563 F.2d 1164, 1166 (5th Cir. 1977). Staggers' attorney's failure to move for severance provides no basis for section 2255 relief.

### 9.  **Alleged failure to investigate prior convictions**

Staggers also argues that his attorney was ineffective at sentencing because he should have investigated his prior convictions to establish they were not separate convictions. However, this issue was addressed at sentencing, and Staggers' objection was overruled because the court determined the two prior convictions were separate. As the court noted on the record at the sentencing hearing, on January 6, 1998, in Case 97-CR-35, Staggers was convicted in the United States District Court for the Middle District of Louisiana for conspiracy to possess with intent to distribute and distribute cocaine stemming from events on October 1, 1997. On June 14, 1999, in Case 95-175, Staggers was convicted on his guilty plea for possession of 28 grams or more of cocaine in the 40th Judicial District Court. The two felony convictions relied upon arose from

separate offense conduct, separate arrests, were from separate jurisdictions, and the judgments were issued by two different courts. While under the terms of the plea for the later conviction it was stipulated that the sentence would run concurrently with the sentence for the former, that does not alter the fact that the convictions were for separate offenses. See United States v. Harris, 369 F.3d 1157, 1167 (10th Cir. 2004). Further, Staggers' attorney raised this issue at sentencing, indicating he was not ineffective. Accordingly, Staggers cannot meet his burden to demonstrate that his attorney was deficient in this regard.

**10. Failure to request a continuance until FSA was enacted**

Staggers argues that his counsel was ineffective because his attorney should have known the First Step Act was being signed into law and that it would benefit him, and he failed to ask for a continuance. Staggers contends that had he done so, he would have been sentenced after passage of the Act and been able to take advantage of certain of its sentencing reform provisions.

Staggers was sentenced on November 14, 2018. Legislative history reflects that the bill providing for the First Step Act was introduced on March 29, 2017.[2] Following amendments in both houses, as of November 2018, disagreement still existed regarding its scope. On November 15, 2018, a day after Staggers was sentenced, Senator Grassley introduced a version that incorporated new sentencing reform provisions.[3] Additional amendments, some of them highly controversial, were introduced in the days leading up to the Act being signed into law on

---

[2] https://www.congress.gov/bill/115th-congress/senate-bill/756.

[3] https://www.congress.gov/bill/115th-congress/senate-bill/3747.

19

December 21, 2018.

Thus, as of the date of Staggers' sentencing, the ultimate sentencing reforms had not been introduced, and the passage of the First Step Act was uncertain. His attorney cannot be faulted for failing to predict how Congress would act, or what would ultimately be included in the Act. "[A]n attorney's failure to anticipate a new rule of law [is] not constitutionally deficient." United States v. McNamara, 74 F.3d 514, 516 (4th Cir. 1996); see also, United States v. Frazier, 2015 WL 5595611, at *5 (M.D. La. Sept. 21, 2015) (holding counsel not deficient for failing to seek continuance of sentencing in anticipation of Fair Sentencing Act ("FSA")). Counsel's failure to seek a continuance of Staggers' sentencing based on the possibility that an advantageous sentencing law might be enacted is simply not deficient, and this ground for relief is baseless.

### C. Procedurally barred claims

Generally, issues that were not raised on appeal, but which could have been, may not be litigated in a section 2255 motion. See United States v. Frady, 456 U.S. 152, 167-68 (1982). An issue may be raised for the first time in a section 2255 motion only when the defendant can show "cause" excusing the procedural default, and " 'actual prejudice' resulting from the errors of which he complains." Id. at 168. Cause is established if the defendant can show "that some objective factor external to his defense prevented him from raising the claim" on appeal. United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). Actual prejudice requires to defendant to "demonstrate not just the possibility of prejudice, but an actual and substantial disadvantage, infecting his entire proceedings with error of constitutional dimension." United States v. Shaid,

20

937 F.2d 228, 233 (5th Cir. 1991).

### 1.  <u>Non-supervised status at time of felon-in-possession violation</u>

Staggers argues that his conviction as a felon-in-possession is infirm, because at the time of the illegal possession, he was not on any form of supervised release. As a result, Staggers argues that his full civil rights were restored and he was not barred from possessing a firearm. In addition to the fact that it is not a requirement that a defendant be on supervised release for purposes of the felon-in-possession statute, see 18 U.S.C. § 922(g), Staggers did not raise this issue on appeal, and has not demonstrated cause and prejudice for the procedural default. He may not now raise it in his section 2255 petition.

### 2.  <u>Prosecutorial misconduct</u>

Staggers also alleges various grounds of prosecutorial misconduct. All but one of the prosecutorial misconduct claims made by Staggers were raised in his Rule 33 Motion for New Trial, and rejected by the court.

The sole prosecutorial misconduct claim not litigated and rejected in the Motion for New Trial is Staggers' contention that Terence Anderson testified falsely about where his drugs came from, and the government failed to correct him. In addition to the fact that Staggers does not point to any information that shows that Anderson testified falsely, if Staggers believed that Anderson had testified falsely on this point, he knew this during trial. Thus, he cannot demonstrate "cause" for failing to raise the issue at that time. Further, considering the numerous wiretap calls and voluminous physical evidence (including nearly a kilogram of heroin, other

drugs, cash, and firearms) presented at trial, Staggers cannot establish prejudice resulting from the inclusion of Anderson's testimony. This claim, too, is procedurally barred.

For all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the **Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence** (Rec. Doc. 627) and supplemental **Motion Under 28 U.S.C. §2255** (Rec. Doc. 647) filed by defendant, Andre Staggers, are **DENIED**.

New Orleans, Louisiana, this  _20th_ day of January, 2022.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

22